**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 5200-5202 New Falls Road, Levittown, Bucks County, PA 19056

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

***A. Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief **\*see certification below\***
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

***B. Diversity Jurisdiction Cases:***

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury *(Please specify)*: slip and fall
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christina James and Frank James | : | |
| | : | |
| v. | : | |
| | : | No. |
| Walgreens Eastern Co, Inc., et al. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)     Habeas Corpus — Cases brought under 28 U.S.C. §2241 through §2255.                                                                                     ( )

(b)     Social Security — Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                                                       ( )

(c)     Arbitration — Cases required to be designated for arbitration under Local Civil Rule 8.                                                           ( )

(d)     Asbestos — Cases involving claims for personal injury or property damage from exposure to asbestos.                                          ( )

(e)     Special Management — Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                ( )

(f)     Standard Management — Cases that do not fall into any one of the other tracks.                                                                      ( **x** )

12/18/25                                    /s/ Robert L. Sanzo
(Date)                                       Attorney-at-Law
                                             Robert L. Sanzo, Esq.

Attorney for Defendant,
Walgreen Eastern Co., Inc.

Telephone:  215-999-5774    Fax:  215-557-3771   Email:  Sanzo@litchfield cavo.com

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| **(b)**  County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br> & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br> Student Loans <br> (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br> of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br> Liability <br> ☐ 320 Assault, Libel & <br> Slander <br> ☐ 330 Federal Employers' <br> Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br> Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br> Product Liability <br> ☐ 360 Other Personal <br> Injury <br> ☐ 362 Personal Injury - <br> Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br> Product Liability <br> ☐ 367 Health Care/ <br> Pharmaceutical <br> Personal Injury <br> Product Liability <br> ☐ 368 Asbestos Personal <br> Injury Product <br> Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br> Property Damage <br> ☐ 385 Property Damage <br> Product Liability | ☐ 625 Drug Related Seizure <br> of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br> 28 USC 157 <br> **INTELLECTUAL** <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br> New Drug Application <br> ☐ 840 Trademark <br> ☐ 880 Defend Trade Secrets <br> Act of 2016 | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br> 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br> Corrupt Organizations <br> ☐ 480 Consumer Credit <br> (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer <br> Protection Act <br> ☐ 490 Cable/Sat TV |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br> Accommodations <br> ☐ 445 Amer. w/Disabilities - <br> Employment <br> ☐ 446 Amer. w/Disabilities - <br> Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br> Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br> Conditions of <br> Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards <br> Act <br> ☐ 720 Labor/Management <br> Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br> Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br> Income Security Act <br><br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br> Actions | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br> or Defendant) <br> ☐ 871 IRS—Third Party <br> 26 USC 7609 | ☐ 850 Securities/Commodities/ <br> Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br> Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br> Act/Review or Appeal of <br> Agency Decision <br> ☐ 950 Constitutionality of <br> State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation -
     Transfer

☐ 8  Multidistrict
     Litigation -
     Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINA JAMES AND FRANK JAMES,    :
        :
        Plaintiff    :    CIVIL ACTION NO:
        :
        v.    :    JURY TRIAL DEMANDED
        :
WALGREEN EASTERN CO. INC.,    :
INDIVIDUALLY AND D/B/A WALGREENS    :
#9672 AND KB DIVERSIFIED HEALTH 20,    :
DISTRICT, ET AL, INDIVIDUALLY AND    :
D/B/A WALGREENS,    :
        :
        Defendants

## NOTICE OF REMOVAL

Defendant, Walgreen Eastern Co., Inc., (incorrectly designated as Walgreen Eastern Co., Inc., d/b/a Walgreens #9672), invokes the diversity jurisdiction of this Court on the following grounds:

1.    On November 21, 2005, plaintiffs, Christina James and Frank James commenced this lawsuit by filing a Complaint in the Court of Common Pleas of Philadelphia County, in which Walgreen Eastern Co., Inc., ("Walgreens"), and KB Diversified Health 20, DST are the named defendants. A copy of the Complaint is attached as Exhibit A.

2.    According to the filed affidavit of service, plaintiff served the Complaint on Walgreens on December 1, 2025 at 11:09 a.m., by delivering a copy of the complaint to Leticia Mercado at 200 Wilmot Road, Deerfield, IL, 60015. (Exhibit B).

3.    According to the filed affidavit of service, plaintiff served the complaint on KB Diversified Health 20 DST, (incorrectly identified as KB Diversified Health 20, DST

individually and d/b/a Walgreens), on December 1, 2025 at 11:09 a.m., by delivering a copy of the complaint to Leticia Mercado at 200 Wilmot Road, Deerfield, IL, 60015. (Exhibit C).

4.    Both of the aforesaid affidavits of service identify the aforementioned Leticia Mercado as "Walgreens representative." (Exhibit B, C).

5.    Plaintiff's affidavit of service on KB Diversified Health 20 DST is fraudulent: Plaintiff cannot serve process on KB Diversified Health 20 DST by delivering a copy of the complaint to Walgreens. KB Diversified Health 20 DST does not do business as Walgreens, is not affiliated with Walgreens and does not maintain an address at 200 Wilmot Road, Deerfield, Illinois, which is the corporate address for Walgreens. Leticia Mercado is, as stated in the two above – referenced affidavits of service, a representative of Walgreens. Therefore, to date, KB Diversified Health 20 DST has not be served with the complaint. However, even assuming for purposes of argument that KB Diversified Health 20 DST was served on December 1, 2025, this Notice is timely.

6.    This is a premises liability civil lawsuit. The complaint demands money damages for personal injuries allegedly caused when plaintiff tripped and fell on February 4, 2025 at a Walgreens branded store in Bucks County, Pennsylvania. (Exhibit A, ¶¶ 11, 15).

7.    The amount in controversy is in excess of $75,000. The complaint alleges that the alleged trip and fall caused "severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life." (Exhibit A, ¶ 19). In addition, the Complaint alleges various damages caused by the subject accident, such as that plaintiff: "has undergone and may in the future undergo various and reasonable treatments;"

"has been and/or in the future may be prevented from being gainfully employed resulting in a loss of earnings and/or an impairment of Plaintiff's earning capacity." (Exhibit A, ¶¶ 20 – 24).

8.     Based on the averments contained in the complaint, it cannot be shown to a legal certainty that the jurisdictional amount cannot be recovered, thus diversity jurisdiction exists.  In *Frederico v. Home Depot*, 507 F.3d 188, 195 – 197 (3rd Cir. 2007), the complaint was filed in state court and removed to federal court.  The complaint did not state an exact sum sought.  *Id*. at 197.  The Third Circuit explained that where the plaintiff limits her claim to avoid federal jurisdiction, "the party wishing to establish subject jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold."  *Id*. at 195.  However, where the complaint does not specifically aver that the amount in controversy is less than the jurisdictional minimum, "the *challenger* to subject matter jurisdiction had to prove to a legal certainty, that the amount in controversy *could not exceed* the statutory threshold."  *Id*. at 195 – 198.  (Emphasis in original).  *See also, Denicola v. Progressive Direct Insurance Company*, 2009 WL 1684640 (M.D. Pa) (denying motion for remand, stating that where the complaint does not limit the amount in controversy below the jurisdictional threshold, the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000).

9.     Plaintiffs, Christina James and Frank James are now and were at the commencement of this action, citizens of the Commonwealth of Pennsylvania. (Exhibit A, ¶¶ 1, 2).

10. Defendant, Walgreens Eastern Co., Inc. is now and was at the commencement of this action, incorporated under the laws of the state of New York and maintains its principal place of business in the State of Illinois.

11. According to the complaint, KB Diversified Health 20 DST is an Illinois corporation and maintains its principal place of business in the state of Illinois. (Exhibit A, ¶ 5).

12. This action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court pursuant to 28 U.S.C. §1441, et seq.

13. This Notice is filed within the time for removal set forth in 28 U.S.C. §1446(b)(3).

14. Written Notice of Removal has been given to opposing counsel and all unrepresented parties as required by 28 U.S.C. §1446(b).

15. A true and correct copy of this Notice will be promptly filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

16. A true and correct copy of the Philadelphia County Court of Common Pleas docket is attached as Exhibit D and all process, pleadings, and orders served upon defendant in this action are attached as Exhibits A - C.

WHEREFORE, defendant, Walgreen Eastern Co., Inc. effects removal of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

LITCHFIELD CAVO LLP

By: _/s/ Robert L. Sanzo_
    Robert L. Sanzo, Esquire
    Attorneys for Defendant,
    Walgreen Eastern Co., Inc.

Dated: December 18, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Robert L. Sanzo, Esquire, do hereby certify that I have served a true and correct

copy of the Notice of Removal, upon all counsel of record and unrepresented parties as follows:

### <u>*Via Email:*</u>

Joseph P. Mirabile, Esquire
Ostroff Godshall
518 E. Township Line Road, Suite 100
Blue Bell, PA  19422
jmirabile@oostrofflaw.com
*Attorneys for Plaintiffs*

### <u>*Via Regular Mail:*</u>

KB Diversified Healthcare 20, DST
do Emersons Commercial Management, US LLC
17776 Preston Road, Suite 100
Dallas, TX 75252

<u>*/s/ Robert L. Sanzo*</u>
Robert L. Sanzo, Esquire

Dated: December 18, 2025

**EXHIBIT "A"**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

*Served @ law 12/1* (handwritten)

| For Prothonotary Use Only (Docket Number) |
|---|
| **NOVEMBER 2025**     **03088** |
| E-Filing Number: 2511048445 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHRISTINA JAMES | WALGREENS EASTERN CO., INC., ALIAS: WALGREENS #9672 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 146 NORTHTURN LANE LEVITTOWN PA 19054 | 200 WILMOT ROAD DEERFIELD IL 60015 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| FRANK JAMES | KB DIVERSIFIED HEALTH 20, DST, ALIAS: WALGREENS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 146 NORTHTURN LANE LEVITTOWN PA 19054 | 200 WILMOT ROAD DEERFIELD IL 60015 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN DOES 1-10 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 0000 LEVITTOWN PA 19056 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less  [X] More than $50,000.00 | [ ] Arbitration  [X] Jury  [ ] Non-Jury  [ ] Other: | [ ] Mass Tort  [ ] Savings Action  [ ] Petition | [ ] Commerce  [ ] Minor Court Appeal  [ ] Statutory Appeals | [ ] Settlement  [ ] Minors  [ ] W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** NOV **21** 2025 **S. GILLIAM** | IS CASE SUBJECT TO COORDINATION ORDER?  YES   NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHRISTINA JAMES , FRANK JAMES

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOSEPH P. MIRABILE | OSTROFF GODSHALL 518 E. TOWNSHIP LINE RD |
| **PHONE NUMBER** (484)845-5488 | **FAX NUMBER** none entered | SUITE 100 BLUE BELL PA 19422 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 318110 | jmirabile@ostrofflaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOSEPH MIRABILE | Friday, November 21, 2025, 11:27 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. WALGREENS EASTERN CO., INC.
   ALIAS: WALGREENS #9672
   200 WILMOT ROAD
   DEERFIELD IL 60015
2. KB DIVERSIFIED HEALTH 20, DST
   ALIAS: WALGREENS
   200 WILMOT ROAD
   DEERFIELD  IL 60015
3. JOHN DOES 1-10
   0000
   LEVITTOWN PA 19056
4. ABC CORPORATIONS 1-10
   0000
   LEVITTOWN PA 19056

**OSTROFF | GODSHALL** - Injury and Accident Lawyers
By: Joseph Mirabile, Esq.
Attorney ID No. 318110
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
jmirabile@ostrofflaw.com



| | |
|---|---|
| CHRISTINA JAMES and | COURT OF COMMON PLEAS OF |
| FRANK JAMES (sp/sp) | PHILADELPHIA COUNTY, |
| 146 Northturn Lane | PENNSYLVANIA |
| Levittown, PA 19054 | |
| Plaintiffs | CIVIL ACTION -LAW |
| vs. | No. _____ |
| | |
| WALGREEN EASTERN CO., INC. | |
| Individually and d/b/a | |
| WALGREENS #9672 | |
| 200 Wilmot Road | |
| Deerfield, IL 60015 | |
| and | JURY TRIAL DEMANDED |
| | |
| KB DIVERSIFIED HEALTH 20, DST | |
| Individually and d/b/a WALGREENS | |
| 200 Wilmot Road | |
| Deerfield, IL 60015 | |
| | |
| and | |
| JOHN DOES 1-10 | |
| (Fictitious Names) | |
| and | |
| | |
| ABC CORPORATIONS 1-10 | |
| (Fictitious Entities) | |
| Defendants. | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

Case ID: 251103088

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197
AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**OSTROFF | GODSHALL - Injury and Accident Lawyers**
By: Joseph Mirabile, Esq.
Attorney ID No. 318110
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
jmirabile@ostrofflaw.com

*Attorney for Plaintiffs*

| | | |
|---|---|---|
| CHRISTINA JAMES and | : | COURT OF COMMON PLEAS OF |
| FRANK JAMES (sp/sp) | : | PHILADELPHIA COUNTY, |
| 146 Northturn Lane | : | PENNSYLVANIA |
| Levittown, PA 19054 | : | |
| Plaintiffs | : | CIVIL ACTION -LAW |
| vs. | : | No. _____ |
| | : | |
| WALGREEN EASTERN CO., INC. | : | |
| Individually and d/b/a | : | |
| WALGREENS #9672 | : | |
| 200 Wilmot Road | : | |
| Deerfield, IL 60015 | : | |
| and | : | JURY TRIAL DEMANDED |
| | : | |
| KB DIVERSIFIED HEALTH 20, DST | : | |
| Individually and d/b/a WALGREENS | : | |
| 200 Wilmot Road | : | |
| Deerfield, IL 60015 | : | |
| | : | |
| and | : | |
| JOHN DOES 1-10 | : | |
| (Fictitious Names) | : | |
| and | : | |
| | : | |
| ABC CORPORATIONS 1-10 | : | |
| (Fictitious Entities) | : | |
| Defendants. | : | |

### Civil Action Complaint

1.    Plaintiff, Christina James (hereinafter referred to as "Plaintiff"), is an adult individual

who resides at the above referenced address.

2.    Plaintiff, Frank James (hereinafter referred to as "Plaintiff-Spouse" and collectively

with Plaintiff as "Plaintiffs"), is an adult individual who resides at the above referenced address.

3.      At all times relevant hereto, Plaintiffs were and continue to be, husband and wife.

4.      Defendant, Walgreen Eastern Co., Inc., individually and d/b/a Walgreens #9672 (hereinafter referred to as "Defendant-Walgreens") is an Illinois corporation authorized to conduct business in the Commonwealth of Pennsylvania and having its principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015.

5.      Defendant, KB Diversified Healthcare 20, DST (hereinafter referred to as "Defendant-Property Owner") is an Illinois corporation authorized to conduct business in the Commonwealth of Pennsylvania and having its principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015.

6.      Defendants, John Does 1-10 (Fictitious Names) (hereinafter referred to as "Doe-Defendants") are unknown individuals with business ties to the Commonwealth of Pennsylvania.

7.      Defendants, ABC Corporations 1-10 (Fictitious Entities) (hereinafter referred to as "ABC-Defendants," and collectively with Defendant-Walgreens, Defendant-Property Owner and Doe-Defendants, as "Defendants") are unknown business entities, designated as corporations, partnerships, fictitious names, and/or business entities duly organized, existing, authorized, and/or incorporated under the laws of the Commonwealth of Pennsylvania.

8.      Doe-Defendants and ABC-Defendants are fictitious names of yet unknown individuals and entities, the correct names of which Plaintiffs have not had sufficient time to identify, despite due diligence. Plaintiffs, in accordance with the Pennsylvania Rules of Civil Procedure, will substitute the correct names of said individuals and entities upon discovery of same.

9.      At all times relevant hereto, Doe-Defendants and ABC-Defendants were affiliated and/or connected with the subject Premises in capacities including, but not limited to, property management, maintenance contracting, co-ownership, and/or other roles involving actual or apparent

control of the exterior of the Premises, and these parties were individually, directly, vicariously, and/or administratively responsible for the actions or failures complained of herein.

10.     At all times relevant hereto, Defendant-Walgreens and Defendant-Property Owner conduct and continue to conduct a regular course of business in Philadelphia County, Pennsylvania.

11.     At all times relevant hereto, including on February 4, 2025, Defendant-Property Owner was the deeded owner of record of the property located at 5200-5202 New Falls Road, Levittown, Bucks County, Pennsylvania 19056 (hereinafter referred to as "Premises").

12.     At all times relevant hereto, including on February 4, 2025, Defendant-Walgreens, operated as a drugstore chain that primarily focuses on pharmacy and health services, offering prescriptions, vaccinations, and health screenings. It also operates as a retailer, selling a wide range of products including general merchandise, beauty items, and groceries, and provides services like photo services and convenient care clinics. Additionally, the company offers virtual healthcare and has specialty pharmacy services for complex conditions, all on and/or at the Premises.

13.     At all times relevant hereto, Defendants, individually, jointly, and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, employees and/or subcontractors, acting within the course and scope of said relationship, owned, possessed, managed, constructed, maintained, designed and/or controlled the Premises, including but not limited to its sidewalks, walkways, pathways, roadway, driveways, communal entrance, exit ways, grounds, and/or parking lots.

14.     Upon information and belief, at all times relevant hereto, Defendants individually, jointly, and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, employees and/or subcontractors, acting within the course and scope of said relationship, were responsible for and had a duty to inspect, manage, maintain, and/or remedy

the Premises, specifically including an obligation to monitor and address exterior conditions on the Premises.

15.     On or about February 4, 2025, Plaintiff arrived at the Premises as a business invitee and was walking with all due care and caution when, suddenly and without warning, Plaintiff was caused to fall due to a broken, chipped, and/or deteriorated section of a sidewalk/curb, causing her to fall forcefully to the ground, suffering serious and debilitating personal injuries.

16.     The aforesaid dangerous condition was not readily visible or detectable by business invitees and/or pedestrians, such as Plaintiff who was lawfully on the Premises.

17.     At the time of Plaintiff's fall and for a long and/or excessive time prior thereto, Defendants, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants, negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to create, permit, and/or allow the unreasonable hazard and dangerous and/or defective condition of the aforesaid section of sidewalk/curb.

18.     The dangerous and/or defective condition of the Premises caused by Defendants' negligence and carelessness, was the direct and proximate cause of Plaintiff's fall and her resulting injuries.

19.     As a direct and proximate result of Defendants' negligence and carelessness and the resulting fall, Plaintiff has suffered and may in the future continue to suffer bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life.

20.     As a direct and proximate result of Defendants' negligence and carelessness, the fall, and Plaintiff's resulting injuries, Plaintiff has undergone and may in the future undergo various reasonable and necessary treatments.

21.     As a direct and proximate result of Defendants' negligence and carelessness, the fall, and Plaintiff's resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure the aforesaid injuries, to Plaintiff's ongoing detriment and financial loss.

22.     As a direct and proximate result of Defendants' negligence and carelessness, the fall, and Plaintiff's resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing Plaintiff's usual and customary duties, hobbies and/or avocations, to her ongoing detriment and loss.

23.     As a direct and proximate result of Defendants' negligence and carelessness, the fall, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be required to spend money for household help, to her ongoing detriment and financial loss.

24.     As a direct and proximate result of Defendants' negligence and carelessness, the fall, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of Plaintiff's earning capacity, to her ongoing detriment and loss.

25.     At all times material hereto, Plaintiff was exercising due care and caution for her safety and in no manner contributed to her fall or her resulting injuries.

## COUNT I - NEGLIGENCE
### Christina James v. Walgreen Eastern Co., Inc, individually and d/b/a Walgrens #9672

26.     Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

27.     The negligence and carelessness of Defendant-Walgreens, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included the following:

a. permitting the section of sidewalk/curb to become a tripping hazard to lawful pedestrians and business invitees such as Plaintiff;

b. permitting the dangerous and defective condition to exist on its Premises for an excessive period of time;

c. failing to properly repair, and/or remediate the defective section of the curb;

d. creating and permitting to exist a dangerous and hazardous condition for invitees;

e. failing to regularly and/or properly inspect its Premises for such dangerous and defective conditions;

f. failing to warn business invitees, such as Plaintiff, of the defective section of curb and/or cordon off the affected area until it could be repaired;

g. failing to maintain a safe walking surface for business invitees and/or pedestrians;

h. negligently and/or improperly hiring contracting, training, and/or supervising agents, servants, borrowed servants, workmen, employees and/or subcontractors to design, construct, manage, inspect and/or maintain the Premises and its walkways, section of sidewalks, and parking lots, who were not qualified to do so in a safe and non-negligent manner; and

i. Disregarding unsafe conditions on the Subject Property that posed an unreasonable risk of harm to Plaintiff and others, despite having knowledge of the same, and having sufficient time to remedy the unsafe conditions.

WHEREFORE, Plaintiff demands judgment in her favor individually, jointly, and/or severally against Defendants, and specifically, Defendant-Walgreens, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Court may deem appropriate.

## COUNT II - NEGLIGENCE
### Christina James v. KB Diversified Healthcare 20, DST

28.     Plaintiff incorporates here by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

29.     The negligence and carelessness of Defendant KB Diversified Healthcare 20, DST, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included the following:

     a.  permitting the section of sidewalk/curb to become a tripping hazard to lawful pedestrians and business invitees such as Plaintiff;

     b.  permitting the dangerous and defective condition to exist on its Premises for an excessive period of time;

     c.  failing to properly repair, and/or remediate the defective section of the curb;

     d.  creating and permitting to exist a dangerous and hazardous condition for invitees;

     e.  failing to regularly and/or properly inspect its Premises for such dangerous and defective conditions;

     f.  failing to warn business invitees, such as Plaintiff, of the defective section of curb and/or cordon off the affected area until it could be repaired;

     g.  failing to maintain a safe walking surface for business invitees and/or pedestrians;

     h.  negligently and/or improperly hiring contracting, training, and/or supervising agents, servants, borrowed servants, workmen, employees and/or subcontractors to design, construct, manage, inspect and/or maintain the Premises and its walkways, section of sidewalks, and parking lots, who were not qualified to do so in a safe and non-negligent manner; and

     i.  Disregarding unsafe conditions on the Subject Property that posed an unreasonable risk of harm to Plaintiff and others, despite having knowledge of the same, and having sufficient time to remedy the unsafe conditions.

Case ID: 251103088

WHEREFORE, Plaintiff demands judgment in her favor individually, jointly, and/or severally against Defendants, and specifically, Defendant-Property Owner, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Court may deem appropriate.

### COUNT III - NEGLIGENCE
### Christina James v. John Does (1-10)

30.    Plaintiff incorporates here by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

31.    The negligence and carelessness of Defendant John Does (1-10), directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included the following:

    a.  permitting the section of sidewalk/curb to become a tripping hazard to lawful pedestrians and business invitees such as Plaintiff;

    b.  permitting the dangerous and defective condition to exist on its Premises for an excessive period of time;

    c.  failing to properly repair, and/or remediate the defective section of the curb;

    d.  creating and permitting to exist a dangerous and hazardous condition for invitees;

    e.  failing to regularly and/or properly inspect its Premises for such dangerous and defective conditions;

    f.  failing to warn business invitees, such as Plaintiff, of the defective section of curb and/or cordon off the affected area until it could be repaired;

    g.  failing to maintain a safe walking surface for business invitees and/or pedestrians;

    h.  negligently and/or improperly hiring contracting, training, and/or supervising agents, servants, borrowed servants, workmen, employees and/or subcontractors to design, construct, manage, inspect and/or maintain the Premises and its walkways, section of sidewalks, and parking lots, who were not qualified to do so in a safe and non-negligent manner; and

    i.   Disregarding unsafe conditions on the Subject Property that posed an unreasonable risk of harm to Plaintiff and others, despite having knowledge of the same, and having sufficient time to remedy the unsafe conditions.

WHEREFORE, Plaintiff demands judgment in her favor individually, jointly, and/or severally against Defendants, and specifically, Defendant-John Does (1-10), in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Court may deem appropriate.

### COUNT IV - NEGLIGENCE
### <u>Christina James v. ABC Corporations (1-10)</u>

32.     Plaintiff incorporates here by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

33.     The negligence and carelessness of Defendant ABC Corporations (1-10), directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included the following:

    a.   permitting the section of sidewalk/curb to become a tripping hazard to lawful pedestrians and business invitees such as Plaintiff;

    b.   permitting the dangerous and defective condition to exist on its Premises for an excessive period of time;

    c.   failing to properly repair, and/or remediate the defective section of the curb;

    d.   creating and permitting to exist a dangerous and hazardous condition for invitees;

    e.   failing to regularly and/or properly inspect its Premises for such dangerous and defective conditions;

    f.   failing to warn business invitees, such as Plaintiff, of the defective section of curb and/or cordon off the affected area until it could be repaired;

    g.   failing to maintain a safe walking surface for business invitees and/or pedestrians;

    h.   negligently and/or improperly hiring contracting, training, and/or supervising agents, servants, borrowed servants, workmen, employees and/or subcontractors to design,

construct, manage, inspect and/or maintain the Premises and its walkways, section of sidewalks, and parking lots, who were not qualified to do so in a safe and non-negligent manner; and

i.   Disregarding unsafe conditions on the Subject Property that posed an unreasonable risk of harm to Plaintiff and others, despite having knowledge of the same, and having sufficient time to remedy the unsafe conditions.

WHEREFORE, Plaintiff demands judgment in her favor individually, jointly, and/or severally against Defendants, and specifically, Defendant, ABC Corporations, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such further relief as this Court may deem appropriate.

## COUNT V - LOSS OF CONSORTIUM
### Frank James v. All Defendants

34.    Plaintiff Spouse incorporates herein, by reference, the preceding averments, as well as all subsequent paragraphs, as though the same were fully set forth herein.

35.    Plaintiff Spouse has expended specific time, care and/or assistance of his spouse as a direct and proximate result of her injuries as set forth herein.

36.    As a direct and proximate result of Plaintiff's injuries, Plaintiff-Spouse has lost his society, support, affection, financial assistance and/or companionship, much to his own ongoing suffering.

WHEREFORE, Plaintiff Spouse Frank James demands judgment in his favor and individually, jointly, and/or severally against all Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as may be appropriate.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

Date: 11/21/2025            By:  /s/ Joseph Mirabile

Joe Mirabile, Esquire
*Attorney for Plaintiffs*

Case ID: 251103088

## Verification

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Christina James

Christina James
Plaintiff

Case ID: 251103088

## Verification

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Frank James

Frank James
Plaintiff Spouse

**EXHIBIT "B"**

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

**CHRISTINA JAMES; FRANK JAMES**
    *Plaintiff(s) / Petitioner(s)*

v.

**WALGREEN EASTERN CO., INC.; KB DIVERSIFIED HEALTH 20, DST; JOHN DOES 1-10; ABC CORPORATIONS 1-10**
    *Defendant(s) / Respondent(s)*

Case No.: 251103088

### AFFIDAVIT OF SERVICE

I, Paul Winston, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Walgreens Eastern Co., Inc. in Lake County, IL on December 1, 2025 at 11:09 am at 200 Wilmot Road, Deerfield, IL 60015 by leaving the following documents with Leticia Mercado who as Walgreens Representative is authorized by appointment or by law to receive service of process for Walgreens Eastern Co., Inc..

Civil Cover Sheet
Notice to Defend, Civil Action Complaint, Verification

Additional Description:
Paperwork was accepted by Walgreens representative Leticia Mercado

Hispanic or Latino Female, est. age 45-54, glasses: N, Black hair, 120 lbs to 140 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=42.1559055,-87.8688583333
Photograph: See Exhibit 1

Total Cost: $95.00 

*Filed and Attested by the Office of Judicial Records 03 DEC 2025 09:51 am B. HALLIGNIS*

*PREVIEW ONLY*

_____
Signature
Paul Winston
+1 (847) 404-0427

Subscribed and sworn to *PREVIEW ONLY* before
me this ___6___ day of
_December_ , _2025_ , by
_Paul Winston_
Witness my hand and official
seal.

_____
Notary Public

My commission expires:
_7/18/2027_

OFFICIAL SEAL
IVY WINSTON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires JULY 18, 2027

Below are my previous attempts at serving Walgreens Eastern Co., Inc.:

Case ID: 251103088

**EXHIBIT "C"**

# THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA, TRIAL DIVISION

**CHRISTINA JAMES, FRANK JAMES**

   *Plaintiff(s) / Petitioner(s)*

v.

**WALGREENS EASTERN CO., INC., INDIVIDUALLY AND D/B/A WALGREENS #9672, KB DIVERSIFIED HEALTH 20, DST, INDIVIDUALLY AND D/B/A WALGREENS, JOHN DOES 1-10 (FICTITIOUS NAMES), ABC CORPORATIONS 1-10 (FICTITIOUS ENTITIES)**

   *Defendant(s) / Respondent(s)*

Case No.: 251103088

## AFFIDAVIT OF SERVICE

I, Paul Winston, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to KB Diversified Health 20, DST in Lake County, IL on December 1, 2025 at 11:09 am at 200 Wilmot Road, Deerfield, IL 60015 by personal service by handing the following documents to an individual identified as KB Diversified Health 20, DST.

CIVIL COVER SHEET
COMPLAINT - JURY TRIAL DEMANDED

Additional Description:
Paperwork was accepted by Walgreens representative Leticia Mercado

Hispanic or Latino Female, est. age 45-54, glasses: N, Black hair, 120 lbs to 140 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=42.1559055,-87.8688583333
Photograph: See Exhibit 1

Filed and Attested by the
Office of Judicial Records
09 DEC 2025 09:45 am
B. BALILONIS

*PREVIEW ONLY*

Total Cost: $95.00

*PREVIEW ONLY*

_____
Signature
Paul Winston
+1 (847) 404-0427

Subscribed and sworn to before me the *PREVIEW ONLY*
__December__ , 2025 , by
__Paul Winston__ *PREVIEW ONLY*
Witness my hand and official
seal.

*PREVIEW ONLY*

Ivy Winston
_____
Notary Public

My commission expires:
7/18/27

OFFICIAL SEAL
IVY WINSTON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires JULY 18, 2027

Case ID: 251103088

**EXHIBIT "D"**





No Items in Cart    LOGOUT  rsanzo

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 251103088 |
| **Case Caption:** | JAMES ETAL VS WALGREENS EASTERN CO., INC. ETAL |
| **Filing Date:** | Friday , November 21st, 2025 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | PREMISES LIABILITY, SLIP/FALL |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | MIRABILE JR, JOSEPH P |
| **Address:** | OSTROFF GODSHALL 518 E. TOWNSHIP LINE RD SUITE 100 BLUE BELL PA 19422 (484)845-5488 jmirabile@ostrofflaw.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | JAMES, CHRISTINA |
| **Address:** | 146 NORTHTURN LANE LEVITTOWN PA 19054 | **Aliases:** | *none* | |
| | | | | |
| 3 | 1 | | PLAINTIFF | JAMES, FRANK |

| **Address:** | 146 NORTHTURN LANE<br>LEVITTOWN PA 19054 | **Aliases:** | *none* |
|---|---|---|---|
| | | | |
| 4 | | DEFENDANT | WALGREENS EASTERN COMPANY INC |
| **Address:** | 200 WILMOT ROAD<br>DEERFIELD IL 60015 | **Aliases:** | WALGREENS #9672 |
| | | | |
| 5 | | DEFENDANT | KB DIVERSIFIED HEALTH 20 DST |
| **Address:** | 200 WILMOT ROAD<br>DEERFIELD IL 60015 | **Aliases:** | WALGREENS |
| | | | |
| 6 | | DEFENDANT | DOES 1-10, JOHN |
| **Address:** | 0000<br>LEVITTOWN PA 19056 | **Aliases:** | *none* |
| | | | |
| 7 | | DEFENDANT | ABC CORPORATIONS 1-10 |
| **Address:** | 0000<br>LEVITTOWN PA 19056 | **Aliases:** | *none* |
| | | | |
| 8 | | TEAM LEADER | CARPENTER, LINDA |
| **Address:** | 294 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 21-NOV-2025<br>11:27 AM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2511048445 | | |
| | | | |
| 21-NOV-2025<br>11:27 AM | COMMENCEMENT CIVIL ACTION JURY | MIRABILE JR, JOSEPH P | |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>Final Cover | | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** |

| | |
|---|---|
| **Docket Entry:** | *none.* |

| | | | |
|---|---|---|---|
| 21-NOV-2025 11:27 AM | COMPLAINT FILED NOTICE GIVEN | MIRABILE JR, JOSEPH P | |
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents Complaint - James.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |

| | | | |
|---|---|---|---|
| 21-NOV-2025 11:27 AM | JURY TRIAL PERFECTED | MIRABILE JR, JOSEPH P | |
| **Docket Entry:** | 8 JURORS REQUESTED. | | |

| | | | |
|---|---|---|---|
| 21-NOV-2025 11:27 AM | WAITING TO LIST CASE MGMT CONF | MIRABILE JR, JOSEPH P | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 09-DEC-2025 09:45 AM | AFFIDAVIT OF SERVICE FILED | MIRABILE JR, JOSEPH P | |
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents Affidavit of Service KB Diversified Health 20 DST.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON KB DIVERSIFIED HEALTH 20 DST BY PERSONAL SERVICE ON 12/01/2025 FILED. (FILED ON BEHALF OF FRANK JAMES AND CHRISTINA JAMES) | | |

| | | | |
|---|---|---|---|
| 09-DEC-2025 09:51 AM | AFFIDAVIT OF SERVICE FILED | MIRABILE JR, JOSEPH P | |
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents Affidavit of Service Walgreens Eastern.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WALGREENS EASTERN COMPANY INC BY PERSONAL SERVICE ON 12/01/2025 FILED. (FILED ON BEHALF OF FRANK JAMES AND CHRISTINA JAMES) | | |

E-Filing System    Search Home